April 7, 2015

Michael Don Wright
#01912629, Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, TX 79735

Honorable Abel Acosta, Clerk
Texas Court of Criminal Appeals
P. O. Box 12308, Capitol Station
Austin, Texas 78711-2308

Re: Response in Traverse to State's Response

Dear Clerk:

Enclosed please find Applicant's Response in Traverse to State's Response to his Application for Writ of Habeas Corpus. Please be advised that Applicant filed this Response in Traverse with the 213th Judicial District Court of Tarrant County, Texas once he received notice of the State's Response and the State's Proposed Findings of Fact and Conclusions of Law.

Applicant believes that since the Court issued Order to the District Clerk to forward the adopted Findings of Fact and Conclusions of Law recommending that Applicant's writ be denied to the Court of Criminal Appeals, that this Response in Traverse was not forwarded along with the habeas corpus record for the Court's consideration regarding trial counsel's ineffective assistance and the complaint that trial counsel didn't even file an affidavit in support of his trial strategy in allowing for Applicant to enter a plea of guilty to a charge which could have been challenged under U. S. Supreme Court precedent and dismissed.

Please file this pleading with the Court along with the rest of the habeas record in this case.

Your assistance in this matter is greatly appreciated.

Sincerely,

Michael Don Wright
Applicant Pro Se

cc: file

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 10 2015

Abel Acosta, Clerk

April 03 , 2015

Michael Don Wright #01912629
James A. Lynaugh Unit
1098 S. Highway 2037
Fort Stockton , TX 79735

Honorable Thomas A. Wilder
District Clerk, Tarrant County
401 W. Belknap
Fort Worth, Texas 76196-0402

RE:   Response in Traverse to State's Response

Dear Clerk:

    Enclosed please find Applicant's Response in Traverse to State's Response to Application of Writ of Habeas Corpus.

    A true and correct copy of the same was served upon the State's Attorney, the Honorable Sharen Wilson, as indicated in the Certificate of Service.

    Please file this Response in Traverse with the Honorable Court of Record.

    Your assistance in this matter is greatly appreciated.

Sincerely,

Michael Don Wright
Applicant Pro Se


cc: file

    Honorable Abel Acosta, Clerk     (Sent on April 7, 2015)
    Texas Court of Criminal Appeals
    P. O. Box 12308, Capitol Station
    Austin, Texas 78711-2308

No. C-213-010410-1306403-A

EX PARTE                                    §       IN THE DISTRICT COURT

                                           §       OF TARRANT COUNTY, TEXAS

MICHAEL DON WRIGHT                          §       213TH JUDICIAL DISTRICT


APPLICANT'S RESPONSE IN TRAVERSE TO
STATE'S RESPONSE TO APPLICATION FOR
WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT OF RECORD:

COMES NOW MICHAEL DON WRIGHT, TDCJ-ID #01912629, Applicant, pro se, presenting Applicant's Response in Traverse to State's Response to Application for Writ of Habeas Corpus and in support of said Response in Traverse would respectfully show the Honorable Court of Record the following:

I.

TREASON AGAINST THE CONSTITUTION

1.  The State in her Response alleges that Applicant waived or forfeited his constitutional challenge raised in his writ application under **Missouri v. McNeely**, 133 S.Ct. 1522 (2103), citing the precendent of **Sneed v. State**, No. 10-13-00372-CR, 2014 WL 4792655 (Tex.App.-Waco, September 25, 2014, no pet. h.)(not designated for publication). (See State's Response at page 2-5).

2.  First, Applicant cited two very important legal precedent in support of his ineffective assistance of trial counsel claims: Citing **Mitchell v. State**, 762 S.W.2d 916 (Tex.App.-San Antonio [4th Dist.] 1988, reh. denied) and **Hernandez v. State**, 726 S.W.2d 53 (Tex.Cr.App. 1986), Applicant raised the argument that his guilty plea must be intelligently, knowingly, and voluntarily entered **before** a court may accept said plea and trial counsel **must ensure** that his client decided to enter such a plea **after all other available options** have been thoroughly explained to him/her. No plea of guilty may be deemed intelligently, knowingly, and voluntarily

entered when trial counsel failed to investigate **vital facts** of a case which would have proven Applicant innocent of the charge for which he was convicted. (See Memorandum of Law in Support at pages 7 and 8.

3. Also, trial counsel had a duty to ensure that Applicant understood the consequences of entering a plea of guilty and that he did **all that he possibly could** to ensure said plea of guilty was **the best possible choice** for his client given the circumstances in the case. **Hill v. Lockhart**, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 209 (1985). (See Memorandum of Law in Support at page 8, paragraph 2).

4. Again, in **Mitchell v. State**, supra, Applicant cited: "It is the duty of trial counsel 'to attempt through **all legal means** to have evidence detrimental to his client suppressed.'" (See Memorandum of Law in Support at page 11, paragraph 2).

5. Now, if the State's attorney chooses to defend the deliberate acts of treason against the United States Constitution by trial counsel, the State's attorney, and the District Judge that participated in the plea bargaining proceeding on February 18, 2014, She may well do so, but let this Court take judicial notice of the following fact(s):

Title 18 U.S.C. §1512(c)(1) - Whoever corruptly - (1) alters, destroys, mutilates, **or conceals** a record, document, or other object, or attempts to do so, with the intent **to impair** the object's integrity or **availability** in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years or both.

6. Now, Applicant will advise the Court that the **McNeely** case had been decided by the United States Supreme Court in 2013, and trial counsel knew, or should have known, that such precedent was available as an affirmative defense for his client. Is Applicant understanding the State's attorney correctly in her saying that since trial counsel did not object or file a motion to suppress the blood evidence used to convict Applicant that Applicant is "shit out of luck?" In other words, "too bad, so sad, that your attorney didn't do what professional norms require of an attorney who works for the defense?"

2-Response in Traverse

7. Applicant needs to know because if the State's attorney is defending the treason against the U. S. Constitution and We The People that the State officials engaged in when they deliberately chose to conceal the U. S. Supreme Court ruling in **McNeely**, supra, and allowed for the Applicant to be convicted of the offense of DWI, when blood draw evidence was the key evidence used against him, then the State's Attorney Sharen Wilson, is guilty of misprision of treason.

**Treason Against the United States**

8. Treason against the United States, shall consist only in levying war against them, or in **adhering** to their enemies. Art. III, §3, U. S. Constitution.

9. Title 18 U.S.C. §2382 - Misprision of Treason: Whoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President of the United States, or to the governor or to some judge or justice of a particular State, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years, or both.

10. Now, Applicant asks the State's attorney: "Do you want to go there with me? Are you willing to adhere to the enemies by defending their acts of treason? Or are you going to do that which is required of you and come against those who intentionally and knowingly concealed the **McNeely** ruling of the United States Supreme Court, which was rendered months before Applicant even went to his plea hearing and allowed for Applicant to be convicted of DWI which you now claim he should swallow like a bitter pill because his trial counsel failed to file a motion to suppress the blood draw evidence or object to its use in his trial? The choice in indeed yours, but can you handle the truth? Can you deal with the consequences?

11. An evil day for American Liberty has come when a government outside the supreme law of the land has found lodgement in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution. **Downs v. Bidwell**, 182 U.S. 244 (1901). "All that is necessary for evil to triumph is for good men to do nothing."

12. If this Court wants to defend the unprofessional conduct of Applicant's trial counsel and determine that his representation did not fall below an objective standard of reasonableness, just be ready and willing to accept the consequences of your misprision of treason.

13. Applicant understands this Court or the State's attorney to claim that trial counsel was not ineffective despite the fact that he allowed Applicant to plead guilty to the offense of driving while intoxicated when a viable defense was available which would have rendered Applicant's guilt or alleged guilt, non-existent for lack of obtaining a warrant to draw his blood.

14. Applicant understands that the State's attorney is saying that trial counsel's failure to investigate the facts of the case regarding the **McNeely** precedent by the U. S. Supreme Court does not constitute ineffective assistance of counsel. The State's attorney is defending trial counsel's treason against the U. S. Constitution and against the United States.

15. If this Court determines that trial counsel need not file an afidavit of fact explaining his reasons for allowing Applicant to enter a plea of guilty to DWI when he **knew or should have known** the blood draw in Applicant's case, pursuant to the **McNeely** ruling by the U. S. Supreme Court was violative of his constitutional rights then Applicant moves the Court of Criminal Appeals to cite the trial court with misprision of treason, or in the alternate, cite trial counsel with ineffective assistance of counsel.

16. Since Applicant cannot contest the claim by the police officer that he was in the truck, and while this does not determine that the Applicant was "operating" the motor vehicle, Applicant raises no challenge to the State attorney's claims. But regarding the ineffective assistance of trial counsel in failing to investigate the case, specifically the fact the **McNeely** case had already been decided in the U. S. Supreme Court in favor of the Applicant, if the State's attorney or the trial court defends trial counsel's unprofessional errors, then the State's attorney and the trial court are adhering to the enemy and guilty of misprison of treason.

17. Applicant seeks justice and the relief to which he is rightly entitled to. To charge him for failing to object or file a motion

4-Response in Traverse

to suppress is to **admit** trial counsel was ineffective. No better witness than the State's attorney's claim is needed here.

## II.
## PRAYER

18. Wherefore, premises considered, Applicant prays that upon reviewing his writ application and this Response in Traverse, that this Court will recommend to the Court of Criminal Appeals to grant Applicant relief in this case for trial counsel's ineffective assistance of trial counsel in allowing Applicant to plead guilty to the charge of DWI when **McNeely** had already established an affirmative defense to prosecution in Applicant's case months earlier. Applicant is entitled to relief.

SO PRAYED this 5th day of April, 2015.

Respectfully submitted,

Michael Don Wright
TDCJ-ID #01912629
James A. Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, TX 79735

## DECLARATION

I, Michael Don Wright, TDCJ-ID #01912629, being presently incarcerated at the James A. Lynaugh Unit of TDCJ-ID, declare under penalty of perjury, that the foregoing facts are true and correct.

Michael Don Wright

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on the State's Attorney, the Honorable Sharen Wilson, of the Tarrant County District Attorney's Office, 401 West Belknap Fort Worth, Texas 76196-0201, on this 7th day of April, 2015.

Michael Don Wright

5-Response in Traverse